UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CAVIUS HALE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WAL-MART STORES EAST LP )<br>and WALMART STORE #2703, )<br>)<br>Defendant(s). )<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

The Plaintiff, Cavius Hale, by and through his undersigned attorney, hereby makes the following claims and allegations:

1. This is also an action to remedy discrimination and retaliation in violation of the Americans with Disabilities Act of 1990("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008), Intentional Infliction of Emotional Distress and Defamation.

2. Compensatory and punitive damages are both sought and liquidated damages pursuant to 29 U.S.C. §626(b).

3. Furthermore, Plaintiff seeks attorney's fees for the bringing of this action pursuant to the 1976 Civil Rights Attorney's Fees Act and other appropriate attorney fees statutes authorized by law.

1

4. Plaintiff, a person living with cognitive impairment and disabled, is a citizen of the United States and a resident of Florence, South Carolina.

5. Defendant, Walmart East, LP, is a corporation incorporated in Delaware and Defendant is the parent company or operator of Defendant Walmart Store #2703 located in Florence, South Carolina.

6. This Court has jurisdiction over all parties and of this matter under 28 U.S.C. § 1331 and 1343(a)(3),(4).

7. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendants conduct substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

8. Defendant, through management, failed to accommodate Plaintiff, and harassed Plaintiff in a manner that caused his separation. As a result of Defendant's conduct, Plaintiff suffered offenses and damages as set forth herein.

9. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, U.S.C. §§ 2000e(g) and (h).

10. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 USC §12111(2).

11. Plaintiff was issued a notice of right to sue from the US Equal Employment Opportunity Commission (EEOC) dated December 2, 2024, regarding his charge of disability discrimination and retaliation, EEOC Charge 436-2025-00470.

12. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under ADA.

13. Plaintiff began his employment with Defendant Walmart Store #2703, in April 2019, and was hired with Defendant being aware of Plaintiff's record of disability.

14. Plaintiff was terminated and then returned to work July 1, 2020, after Walmart refused to properly employ Plaintiff because of his disabling conditions. Plaintiff provided Defendant at that time a record of his disability and was allowed to return to work.

15. After reinstatement July 1, 2020, Plaintiff was working in the Lawn and Garden/Hardware Department, until January 19, 2023, when his manager Theresa falsely accused Plaintiff of Misuse of Company Time.

16. Plaintiff had a known record of intellectual disability, and Defendant management knew that Plaintiff needed specific training and instruction on procedures such as clock in and clock out procedures.

17. Defendant had transitioned to a new policy of clock in using the Wal Mart App on the phone rather than badges, and Plaintiff was never given specific instructions on proper use of the app.

18. Plaintiff would be dropped off to work and while walking into work would check in on Defendant premises with the help of his parents who dropped him off to work.

19. Defendant management accused Plaintiff of checking in while in the parking lot and therefore not really present for work.

20. Plaintiff was never informed of what specific point Manager Theresa Jones wanted him to clock in, and only understood to clock in using the app when he arrived at work.

21. Defendant Management never presented Plaintiff with a termination notice providing details of what Plaintiff had done wrong and the actual notice of termination. Plaintiff has no information on whether or not he is eligible for rehire at any WalMart store in the world.

22. Via letter dated February 6, 2023 addressed to Store #2703 Store Manager, Plaintiff requested a termination notice and Plaintiff grieved his termination advising Defendant that he did not have the proper training and was falsely accused of misue of company time.

23. Defendant Management never accommodated Plaintiff, an employee with a record of intellectual impairment and disabilities, with specific or extra training on the WalMart App.

24. Defendant Management never provided Plaintiff, an employee with a record of intellectual impairment and disabilities, with progressive discipline or warning on the check in policy.

25. Defendant then accused Plaintiff of moral and ethical misconduct and the policy violation of misuse of company time, knowing that Plaintiff did not understand the accusation or the specifics of what his manager was accusing him of doing wrong.

26. Plaintiff filed a grievance with Defendant to contest his termination. Defendant never provided a final decision to Plaintiff regarding his grievance until June 12, 2024, when WalMart sent Plaintiff a letter upholding his termination and thus making Plaintiff's termination final.

27. Defendant knew or should have known of Plaintiff's disability, as Plaintiff shared evidence of disability to his employer while employed.

28. Defendant denied Plaintiff a reasonable accommodation during his employment by issuing disability for a policy violation that Defendant knew Plaintiff lacked full understanding of.

29. Plaintiff was supervised and disciplined in an unfair, unequal, and/or harassing way, as explained above, which segregated him and adversely affected his status as an employee, because of his disability or the employer's perceived disability and a failure to accommodate. Similarly situated employees outside of Plaintiff's protected class did not receive this treatment.

30. Defendant was on notice, or should have been on notice, of the actions of its subordinates or employees, and all failed to correct such discriminatory actions of its employees. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

31. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner, and in a manner which had a disparate impact on Plaintiff, as he was not allowed extra training or guidance before discipline/termination.

32. As a result of the abrupt discriminatory termination of Plaintiff, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT I
## (VIOLATION OF ADA)

33. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

34. Plaintiff is a member of a protected class as a person living with a disabling condition and/or a person regarded as disabled by her employer with Defendant having a record of Plaintiff's intellectual impairment or disability.

35. Plaintiff was performing satisfactorily, and was not under the threat of termination at the time he was separated.

36. Defendant terminated Plaintiff for improper clock in on the store app, when Plaintiff was accustomed to using badges. Defendant had not provided Plaintiff training or progressive discipline or additional guidance of expectations.

37. Defendant's actions and practices described above also constitute unlawful discrimination under 42 U.S.C. § 12182(b)(1)(A) and § 12182(b)(2)(A).

38. Defendant perceived Plaintiff as disabled and/or denied Plaintiff a reasonable accommodation of additional training knowing that Plaintiff had a record of disability and a need for assistance.

39. Defendant did not consider modified discipline, extra training or assistance for Plaintiff despite his record of disability.

40. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## COUNT II
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

41. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

42. Defendant, by failing to properly guide a disabled employee and then by intentionally and maliciously accusing Plaintiff of misuse of company time, terminating employee and refusing to rehire, intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from Defendant conduct.

43. Defendant's conduct, of failing to properly guide a disabled employee on policies and then by intentionally and maliciously accusing Plaintiff of misuse of company time, of terminating employee and of refusing to rehire, was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community.

44. The actions of the defendant caused Plaintiff's emotional distress as he was terminated for reasons that attack Plaintiff's moral character and was terminated abruptly, his grievance was ignored, he was not eligible for rehire.

45. The emotional distress suffered by the Plaintiff was so severe that no reasonable man could be expected to endure it.

46. As a result of the abrupt discriminatory termination of Plaintiff, Plaintiff has suffered economic loss, impaired reputation, attorney fees, financial and emotional distress, as well as attorney fees and costs of litigation.

## COUNT III
## (DEFAMATION OF CHARACTER)

47. Plaintiff repeats and realleges each and every allegation contained in preceding paragraphs of this Complaint.

48. Defendant falsely accused Plaintiff of misusing company time when he did not clock in exactly how his manager requested.

49. Defendant knew Plaintiff had an intellectual disability and knew Plaintiff needed accommodations of extra guidance training or modified discipline.

50. Defendant Store #2703 made the false allegations within Plaintiff's personnel file thus prohibiting Plaintiff from ever working at any other Walmart.

51. Defendant made the false allegations to the unemployment office prohibiting Plaintiff from receiving unemployment benefits.

52. By accusing Plaintiff of misusing company times, Plaintiff's reputation and livelihood was affected by abrupt termination, denied rehire, and a loss of unemployment benefits.

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of applicable state and federal laws;

B. Enjoining and permanently restraining these violations of applicable state and federal laws;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

D. Directing Defendants to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

E. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. § 12205;

F. Directing Defendant to pay Plaintiff compensatory damages and damages for emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) and all applicable state and federal laws in the amount to be determined by a jury; and,

G. Awarding Plaintiff such other and further relief as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
    **Pheobe A. Clark**, Federal ID No. 9888
    Post Office Box 13057
    Florence, SC  29504-3057
    Phone: (843) 669-5634
January 17, 2025                    Fax:   (843) 669-5150