IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Cavius Hale, | C/A NO. 4:25-cv-0335-JD-TER |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| Wal-Mart Stores East LP and Wal-Mart Store # 2703, | |
| Defendants. | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina (DE 18), concerning Defendants' Motion to Dismiss (DE 10).[1]

The Report recommends granting Defendants' Motion to Dismiss (DE 10) as to Plaintiff's Americans with Disabilities Act ("ADA") claim and declining to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims for intentional infliction of emotional distress (IIED) and defamation. Plaintiff filed objections to the Report (DE 19), and Defendants filed a response (DE 20). Having carefully considered

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

the record, the Report, and the parties' submissions, the Court adopts the Report in full, overrules Plaintiff's objections, and dismisses the case.

## I. BACKGROUND

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.[2]

Plaintiff Cavius Hale ("Plaintiff") was employed by Wal-Mart Stores East, LP ("Walmart"), at Store #2703 until his termination on January 19, 2023. Plaintiff alleges that Walmart discriminated against him based on an intellectual disability in violation of the ADA and committed related state-law torts.

Following his termination, Plaintiff filed two administrative charges with the Equal Employment Opportunity Commission ("EEOC"). He filed the first on May 18, 2023, alleging disability discrimination and retaliation. The EEOC issued a Notice of Right to Sue on July 10, 2023. Over a year later, on November 14, 2024, Plaintiff filed a second charge, again challenging his January 2023 termination, asserting that his dismissal became final only after his internal grievance was denied on June 12, 2024. The EEOC issued a second Right-to-Sue Notice on December 2, 2024, and Plaintiff filed this action on January 17, 2025.

---

[2] The Report correctly observes that, at the Rule 12(b)(6) stage, courts may consider documents referenced in the complaint and submitted with a motion to dismiss where they are integral to the pleading and their authenticity is not disputed. See Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); Oglesby v. Itron Elec. Metering Inc., No. 8:17-cv-00216-TMC-JDA, 2017 WL 9286980, at *3 (D.S.C. Mar. 14, 2017). Each of the EEOC materials at issue—the 2023 Charge of Discrimination, the July 10, 2023, Notice of Right to Sue, the 2024 Charge of Discrimination, and the December 2, 2024, Notice of Right to Sue—meets these criteria and is, therefore, properly considered without converting the motion into one for summary judgment.

Defendants moved to dismiss, arguing that Plaintiff's ADA claim was time-barred because neither EEOC charge was filed within the statutory 300-day period, and that his remaining state claims should be dismissed or, alternatively, that the Court should decline supplemental jurisdiction.

## II.     REPORT AND RECOMMENDATION

On September 5, 2025, the Magistrate Judge issued a detailed Report recommending that Defendants' Motion to Dismiss be granted in full. As to the ADA claim, the Magistrate Judge determined that it was time-barred. Even accepting Plaintiff's argument that his second EEOC charge controlled, the 300-day filing period under 42 U.S.C. § 2000e-5(e)(1) began when Plaintiff was notified of his termination on January 19, 2023, not when his grievance was decided in June 2024. The Report relied on Delaware State College v. Ricks, 449 U.S. 250 (1980), and Green v. Brennan, 578 U.S. 547 (2016), holding that limitations periods begin upon notice of termination, not upon conclusion of internal review. Because Plaintiff's second EEOC charge was filed more than 300 days after his termination, the ADA claim was untimely.

The Magistrate Judge further found that the "continuing violation" doctrine did not apply because termination is a discrete act under National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114–15 (2002).

Having recommended dismissal of Plaintiff's sole federal claim, the Magistrate Judge also recommended that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over Plaintiff's state-law claims for IIED and defamation.

The Report emphasized that these claims raise purely state-law questions and that considerations of comity and judicial economy favor resolution in state court.

Accordingly, the Report recommended that Defendants' motion be granted as to the ADA claim, that the Court decline supplemental jurisdiction over the state-law claims, and that the action be dismissed in its entirety. Plaintiff timely objected to the Report on September 19, 2025.

### III.     LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

IV. OBJECTIONS

A.   Equitable Tolling

Plaintiff objects to the Report's conclusion that his ADA claim is untimely. Plaintiff argues that the Magistrate Judge erred in determining that the 300-day charge-filing period began when he was notified of his termination rather than when his internal grievance was resolved. Plaintiff asserts that equitable tolling should apply in light of his pursuit of the grievance process and cites Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990) (en banc), in support of his position.

Plaintiff raised no equitable-tolling argument before the Magistrate Judge; he invokes the doctrine for the first time in his objections. A district court is not required to consider issues raised only at the objection stage. Samples v. Ballard, 860 F.3d 266, 275–76 (4th Cir. 2017). Even if the Court were to reach the merits, equitable tolling is reserved for "extraordinary circumstances" in which the defendant's misconduct prevents timely filing. Olson, 904 F.2d at 201. Plaintiff identifies no conduct by Defendant that impeded or misled him, and the record reflects that he was notified of his termination on January 19, 2023, and successfully filed an EEOC charge within months of that notice. His reliance on the pendency of his grievance does not satisfy the stringent standard for tolling and is foreclosed by Delaware State College v. Ricks, 449 U.S. 250 (1980), which makes clear that internal review processes do not delay or toll the limitations period.

B.   Supplemental Jurisdiction

5

Because the ADA claim is dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). As the Magistrate Judge correctly noted, these claims involve purely state-law issues better resolved in state court. See Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

V. CONCLUSION

Upon careful review of the entire record, the Court finds the Magistrate Judge's analysis well-reasoned and supported by controlling precedent. Plaintiff's objections fail to demonstrate any error of law or fact.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Objections (DE 19) are OVERRULED;
2. The Report and Recommendation (DE 18) is ADOPTED and INCORPORATED by reference;
3. Defendants' Motion to Dismiss (DE 10) is GRANTED as to Plaintiff's ADA claim; and
4. The Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION over Plaintiff's state-law claims for intentional infliction of emotional distress and defamation, which are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Florence, South Carolina
November 18, 2025

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.